## WILLIAM H. CLARK v. WASHINGTON LIBBEY.

CONTRACT, WITHOUT CONSIDERATION, *Void; Deed of Ottawa Indian, When Void.* Where H., a councilman and headman of the Ottawa Indians, for $1,300 makes a warranty deed to K. to certain land patented to H. under the first clause of article 3 of the treaty with said Indians proclaimed July 28th 1862, which deed is null and void at the time of its execution, and said H., after he has become a citizen of the United States by the terms of the treaty, executes a quitclaim deed to C. of the same land, for the consideration of $200, and thereafter C. delivers to H., voluntarily, and without any consideration, a written agreement to the effect that he will notify certain parties who claim to have title to said lands from H. that he has the same, and that he will offer to perfect their title thereto, but if said parties refuse and neglect to purchase the title of C. within sixty days, then C. is to be released from any obligation to convey the title to said parties, *held,* that such agreement is a promise for which there is no consideration, and that it cannot be enforced at law. Such agreement, under such circumstances, is no defense to an action brought by C. against the grantee of K. to recover the possession of the real property deeded to C. by H.

*Error from Franklin District Court.*

EJECTMENT brought by *Clark,* for 240 acres of land in Franklin county—part of the lands patented to one Wm. Hurr, a councilman and headman of the Ottawa tribe of Indians, under the provision of the 3d article of the Ottawa treaty of 1862. *Clark* claimed title in fee, under a deed from said Hurr and wife to himself, dated November 13th 1872. *Libbey* claimed title in fee, as grantee of I. S. Kalloch, whose title was evidenced by a deed from said Hurr and wife, dated December 1st 1865. The case was in this court at the January Term 1875; (14 Kas. 435.) On being remanded to the district court, a retrial was there had, at the November Term 1875. Findings and judgment for defendant, and the plaintiff brings the case here on error.

*W. H. Clark,* plaintiff, for himself.

*J. W. Deford,* and *H. P. Welsh,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: Action of ejectment. After Clark had offered in evidence on the trial in the court below, to sustain his cause of action, and title to the premises in controversy, a patent to the premises from the United States to Wm. Hurr of the date of December 1st 1865, and a quitclaim deed from Wm. Hurr and Emily W. Hurr to himself of the same property, of date November 13th 1872, for the consideration of $200, he rested his case. The defendant on his part then called the plaintiff as a witness for the defense, who testified that he made the agreement attached to the amended answer on the evening of November 13th 1872, some six or eight hours after the deed from Hurr and wife to himself was executed and delivered to him; that when he made the purchase from Hurr of the lands, and when the deed was executed and delivered, nothing had been said about the agreement, but that afterward, at the request of Hurr, and without any consideration therefor, he (Clark) executed the said agreement. The agreement is as follows:

"KNOW ALL MEN by these presents, that I, W. H. CLARK, of Ottawa, Franklin county, Kansas, have this day received from Wm. Hurr of the Ottawa Nation, Indian Territory, a quitclaim deed to the following-described tracts or parcels of land situated in Franklin county, state of Kansas, to-wit, the E. ½ of the W. ½ of section 30, and the E. ½ of the N.W. ¼ of section 31, both tracts of land in township 16, range 20; also, the E. ½ of the N.W. ¼ of section 7, township 17, range 20, all of said tracts containing 320 acres of land; and I do hereby agree to notify certain parties who claim to have title to said lands from William Hurr, that I now have the same, and to offer to perfect their title to said land. And it is hereby agreed and understood, that in case said parties refuse and neglect to purchase said title within sixty days from the date of notification, then in that case I am to be released from any obligations to convey the said title to said parties.

"In witness whereof, I have hereunto set my hand this 13th day of November, 1872.        WM. H. CLARK."

The said agreement was then read; and the defendant offered in evidence, against the objections of the plaintiff, a

warranty deed from Wm. Hurr and wife to I. S. Kalloch, of December 1st 1865, for the same lands, the consideration being $1,300; and a warranty deed from I. S. Kalloch and wife to the defendant, the execution of which was acknowledged and certified, December 9th 1865. Both of said deeds were duly filed for record in the office of the register of deeds of Franklin county in June 1866. Defendant then rested. Plaintiff in rebuttal testified, that on December 3d 1872, and soon after he made the agreement with Wm. Hurr, he wrote a letter which he addressed to Washington Libbey, at his street and number, in Chicago, Illinois, and mailed the same in Ottawa, Kansas. The following is a copy of the letter which was read in evidence:

OTTAWA, KANSAS, DECEMBER 3d, 1872.

WASHINGTON LIBBEY, Esq.—*Dear Sir:* On the 13th of last month I purchased from Wm. Hurr the following-described lands, to-wit, the E.¼ of the W.½ of section 30, and the E.½ of the N.W.¼ of section 31, township 16, range 20, Franklin county, Kansas; and I find from the record in the office of the register of deeds in this county, that you claim to have some kind of a title to said lands; and in order to perfect your title to said lands, I hereby offer to sell you my title at the price of ten dollars per acre, and in order to give you time to investigate my title, and satisfy yourself of its validity, I will give you until the 10th day of February 1873, to complete the purchase of my title.

I am yours very truly, WM. H. CLARK.

Witness then testified that he did not receive any direct answer to his letter from Mr. Libbey, and on February 17th 1873, he wrote and sent to Washington Libbey the following letter:

OTTAWA, KANSAS, FEBRUARY 17th, 1873.

W. LIBBEY—*Dear Sir:* I wrote you in December last, in regard to the land here, which you bought of Kalloch, and I have since learned from Mr. Kalloch that you intend to fight me to the bitter end; and as there is a question as to who has the better title, you or I, and as I don't feel able to fight you, I would much rather settle than fight. When I bought the land from Hurr I only gave him $200 for it, but I don't feel able to lose that sum; and as I agreed with Hurr

to give you the first chance to buy me out, I would like you to make me an offer of what you will give, and I assure you that any offer you may make me will be favorably considered. At least write me, and tell me the best you will do, for I am anxious to get clear of the thing.

Yours truly,    W. H. CLARK.

And that on March 7th 1873, at Ottawa, Kansas, he received in the post-office the following letter, which was identified and admitted in evidence as the letter of Washington Libbey:

CHICAGO, MARCH 5th, 1873.

W. H. CLARK, Esq.—*Dear Sir:* Your favor of the ·17th has come to hand, and contents noted. The land you refer to I have had a warranty deed for, several years, from I. S. Kalloch.    Yours truly,    WASHINGTON LIBBEY.

Clark then testified, that on the next day he commenced this action. It was then admitted in court by both parties, that I. S. Kalloch was a white man, and that William Hurr was an Indian, a headman, and councilman of said tribe; and also, that said land in plaintiff's petition mentioned was a part of the five sections of land set apart for the chiefs, headmen, and councilmen of said tribe under the provisions of art. 3 of the Ottawa treaty of 1862. The above was all the evidence introduced on the trial. The case was submitted to the court, a jury having been waived. The court found generally for the defendant, and rendered judgment accordingly.

This is the second time that this case has been in this court; *Clark v. Libbey,* 14 Kas. 435; and the decision in the case on the former hearing here, disposes of the deed from Wm. Hurr and wife to I. S. Kalloch, the grantor of defendant, of date of December 1st 1865. This deed was then held null and void, under art. 7 of the Ottawa treaty of 1862; and no sufficient reasons are presented in the brief of counsel for the defendant to induce us to revoke or change the views therein expressed. We adhere to the former decision, and hold that said deed of December 1st 1865 transferred no title to the grantor of the defendant. At the date of the deed to Kalloch, Wm. Hurr had not become a citizen of the United States

by the terms of the said treaty, nor had the restrictions upon his power to alienate his property been removed; but at the date of the deed from Hurr to the plaintiff, November 13th 1872, he had become such citizen by the conditions thereof, and said restrictions had been removed. With the deed from Hurr to the grantor of the defendant stricken from the record, defendant must stand alone on the agreement of Clark of November 13th 1872; and unless this agreement sustains the finding and judgment of the court below, the same must be adjudged to be erroneous.

Counsel for defendant insist that upon all the evidence the realty in dispute must be held to be trust property, and that the relation of trustee and *cestui que trust* subsists between Clark and Libbey, and they cite the case of *Lane v. Ewing*, 31 Mo. 75, and the authorities therein named, as specially in point. We do not think the decisions referred to applicable. The agreement was without consideration — was no part of the deed from Hurr to Clark, was not brought into existence until after the deed to Clark had been delivered, and was not made in pursuance of any prior understanding. The most that can be said of it, is, that it was a promise for which there was no consideration. The action of Clark, after the execution of the said agreement, favors in no respect the relation of trustee on his part. His intentions and intimations were exactly the reverse. The fact that Hurr executed a void deed to the grantor of defendant, does not sustain in any way the agreement of Clark to Hurr. This court, in the case of *Clark v. Akers*, 16 Kas. 166, held that the execution of a second deed to another grantor for the same land, where a prior deed under similar circumstances as the one from Hurr to Kalloch had been made, was not such a legal fraud upon the first grantor as to prevent the second deed from having full force and effect. The evidence in the case at bar does not sustain the finding and judgment for the defendant, and the judgment of the district court must therefore be reversed, and the case remanded for a new trial.

All the Justices concurring.