WASHINGTON LIBBEY v. WILLIAM H. CLARK.

EJECTMENT; *Contract Construed.* Where C. purchases a piece of land from
H., and obtains a quitclaim deed therefor, and the title to the land is in
dispute, and because of such dispute C. enters into an agreement with H.,
as follows:

"I, C., do hereby agree to notify certain parties, who claim to have
title to said land from H., that I now have the same, and to offer to per-
fect their title to said land; and it is hereby agreed and understood that,
in case said parties refuse and neglect to purchase the said title within
sixty days from the date of notification, then and in that case I am to be
released from any and all obligations to convey the said title to said
parties;"

And afterward C. notifies L., who claims to own the land, giving L. a
full and fair statement of his (C.'s) title, and asking L. to make him an
offer of some kind for his title, and stating that any offer that L. may make
will be favorably considered, and L. fails and refuses to make any offer or
to purchase C.'s title, and C. afterward obtains the possession of the land,
and nearly seven years after the notification to L. of C.'s title L. com-
mences an action of ejectment to recover the land from C., and L. in fact
has no title to the land except such as he may have obtained by virtue of
said agreement entered into between C. and H., *held,* that L. cannot
maintain the action.

### *Error from Franklin District Court.*

EJECTMENT, brought by *Libbey* against *Clark.* The facts
appear in 17 Kas. 634, *et seq.,* and in the opinion, *infra.*
Judgment for the defendant at the May Term, 1880, of the
district court. The plaintiff brings the case here.

*Jno. W. Deford,* for plaintiff in error.

*Wm. H. Clark,* defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment, brought
by Washington Libbey against William H. Clark, for the
recovery of certain real estate. The subject-matter of this
action is precisely the same as that of the case of William H.
Clark against Washington Libbey, which has twice been in
this court, and is reported in 14 Kas. 435 and 17 Kas. 634.
After the case of Clark against Libbey had been returned

the second time from this court to the district court, the defendant in that case, Washington Libbey, removed the case from the district court of Franklin county to the circuit court of the United States, where, upon stipulation of the parties, the case was dismissed without prejudice. Clark in the mean time obtained possession of the property. Libbey then commenced this action in the district court of Franklin county, Kansas. A trial was had in the district court, which resulted in a judgment in favor of Clark and against Libbey, who now brings the case to this court, seeking a reversal of said judgment.

The facts in this case are reported in the case of *Clark v. Libbey*, 17 Kas. 634, *et seq.* The only new facts in the case are embodied in an affidavit for a continuance filed by Libbey and read on the trial of the case, with the consent of Clark, as the deposition of William Hurr. Said facts are as follows:

"That afterward, on or about the 13th of November, 1872, the defendant Clark came to him (said Hurr), then at his home in the Indian Territory, and represented to him that the title to said land so conveyed to him by Mr. Kalloch was defective or doubtful, and that Mr. Kalloch had conveyed it, with warranty, to Mr. Washington Libbey, the plaintiff. That he, said Clark, desired to get from Mr. Hurr and wife a quitclaim deed, conveying the property to him, Clark, for the purpose of conveying it over to Libbey, in order to perfect and confirm his title acquired from Kalloch; and that he, Clark, would convey to Libbey, on receiving from him the $200. He would pay Hurr for such quitclaim, and a fair compensation, in addition to the said $200, for his, Clark's, services in procuring such quitclaim; that thereupon, said Hurr, induced and relying on said representations, made, executed and delivered to said Clark his quitclaim deed, purporting to convey said real estate to him, in fee, in consideration of $200 then paid to him by Clark (although the land was then worth about $3,000), and of a written obligation, then and there made, executed and delivered to him by said Clark, which is annexed as an exhibit marked 'B' to the deposition of said Libbey, now on file in this cause; and that he, said Hurr, would not have executed said quitclaim deed to said Clark without the obligation aforesaid;

and that said quitclaim deed is the only conveyance of said property he (said Hurr) ever made to said Clark."

Said exhibit 'B' is copied in full in 17 Kas. 635, but the only portion of it which has any special application to this case reads as follows:

"I [William H. Clark] do hereby agree to notify certain parties, who claim to have title to said land from William Hurr, that I now have the same, and to offer to perfect their title to said land; and it is hereby agreed and understood that, in case said parties refuse and neglect to purchase the said title within sixty days from the date of notification, then and in that case I am to be released from any and all obligations to convey the said title to said parties."

We do not think that these new facts can make any possible difference in the decision of this case. Clark has complied with everything that he agreed to do. He notified Libbey of his purchase of the property from Hurr on December 3, 1872; and he again notified Libbey of said purchase on February 17, 1873, giving Libbey a full and fair statement of his title, and asking Libbey to make him an offer of some kind for his title, and stating that any offer that Libbey might make would be favorably considered; but Libbey refused to make any offer, but stated substantially to Clark that his title was already good enough. Clark not only waited the sixty days from the notification of Libbey, as he had agreed to do, but he also waited about three months before considering his own title good, or before commencing any proceedings to obtain the property; and he has now waited several years without Libbey even offering to pay anything for his title. The first notification was given on December 3, 1872, and this action was commenced by Libbey on November 20, 1879, nearly seven years afterward. Even if Libbey obtained any rights under or by virtue of said instrument in writing, marked "Exhibit B," and which Clark executed, he has forfeited all such rights by refusing to comply with its terms, or to accept anything under it; and Libbey does not even now offer to pay Clark anything for his title.

The judgment of the court below will be affirmed.

All the Justices concurring.